IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

JAMES URBAN,

       Plaintiff,

vs.

JOHN SELLS, CHAD MORROW, AMY
OETKEN, DARIN RAYMOND, GAYLE
VOGEL, JAMES BEEGHLY,
ANURADHA VAITHESWARAN, JAMES
SCOTT AND BILLY OYADARE,

       Defendants.

No. 13-CV-4096-DEO

ORDER ON REPORT AND
RECOMMENDATION

_____

Before the Court and on file at Docket No. 4 is the Report and Recommendation ("R&R") issued by Magistrate Judge Leonard T. Strand concerning the pro se Complaint filed by Plaintiff James Urban. In his Report and Recommendation, Magistrate Strand recommends that Mr. Urban's Complaint be dismissed as frivolous. Mr. Urban has not filed an objection to the Magistrate's R&R.

**I. BACKGROUND**

Mr. Urban has a long history before this Court. On August 1, 2011, Mr. Urban filed case 11-CV-4068-DEO. In that Complaint, Mr. Urban stated that:

> I'm suing John Sells and Chad Morrow and the Department of Natural Resources for misusing Iowa Laws. They say a person may

> not possess the fur of a fur - bearing
> animal taken from the wild, such as a
> racoon or badger, without a license. ...
> There is no license to possess fur -
> bearing animals....  Here in Iowa we do
> have laws that says a person cannot poach
> animals or have possession of poached
> animals.

11-CV-4068, Docket No. 1.

On November 15, 2011, Mr. Urban filed an amended pleading

which stated that:

> I'm suing the Dept. Of Natural Resources
> and Chad Morrow and John Sells while acting
> in their official capacity or under color
> of legal authority for an agency of the
> United States. ...  For being put in jail
> twice in the same case over Christmas
> holidays or a period of 8 ½ months in Jail
> while misusing Iowa laws.  There is no
> license to posses fur-bearing animals that
> are lawfully taken....  I believe the DNR
> knows the only time a person is given a
> fine like this is when a fur-bearing animal
> has been poached or if a person is
> possessing a poached animal.

11-CV-4068, Docket No. 7.

On December 19, 2011, Magistrate Zoss entered an Order

dismissing Mr. Urban's Complaint.  11-CV-4068, Docket No. 19.

According to his ruling:

> [t]he defendants assert that the complaint
> (1) fails to plead any cause of action that
> invokes federal jurisdiction, (2) fails to
> state a claim upon which relief can be

granted, and (3) is barred by their immunity under the Eleventh Amendment... From the facts pled, it does not appear that there is any other possible basis for jurisdiction in federal court. Accordingly, the motions to dismiss pursuant to Rule 12(b)(1) (Doc. Nos. 3, 8, and 12) are granted. In any event, the plaintiff has failed completely to allege facts "above the speculative level" to support a cognizable legal theory for a valid claim against the defendants (<u>Parkhurst</u>, 569 F.3d at 865), nor has he alleged a basis for circumventing the defendants' immunity under the Eleventh Amendment (see <u>Skelton v. Henry</u>, 390 F.3d 614, 617 (8th Cir. 2004) (the Eleventh Amendment bars the award of any retroactive relief for violations of federal law that would require payment of funds from a state treasury)). For these reasons, even if this court did have jurisdiction, the complaint would be dismissed under Rule 12(b)(6)."

11-CV-4068, Docket No. 19.

Shortly before the Order dismissing his first pro se Complaint, Mr. Urban filed case number 11-CV-4107-DEO on December 14, 2011. In that second case Mr. Urban alleged that:

[the Defendants] are misusing Iowa Laws. None of these laws you charged me with applies to trapping non-game animals. There is no license to trap non-game animals. And those racoons, [an] accident[al] catch is a accident[al] catch. If the DNR would not of been shooting those

> fur bearing animals they could be let go.
> ... I'm also filing this civil suit because
> when a person fights the Iowa Dept. Of
> Natural Resources, they do not get a fair
> trial.  A person gets convicted of laws
> that do not exist...

11-CV-4107, Docket No. 1.  Mr. Urban went on to articulate the ways in which he felt he did not get a fair trial in state court.  In 11-CV-4107, Mr. Urban sued the Iowa Department of Natural Resources and six individuals, including four of the five defendants in the above captioned case.  He again alleged that the defendants were "misusing Iowa laws" in connection with Urban's trapping activities.  Among other things, he stated that "a [sic] accidental catch is a [sic] accidental catch."  Id.

On November 27, 2012, this Court adopted a Report and Recommendation from Judge Zoss dismissing the case.  11-CV-4107, Docket No. 28.  The dismissal was based on both (a) Urban's improper attempt to re-litigate issues decided against him in case number 11-CV-4068 and (b) the absolute prosecutorial immunity that applied to two of the defendants. 11-CV-4107, Docket No.'s 16 and 28.

Shortly before 11-CV-4107 was dismissed, Mr. Urban filed another case, 12-CV-4075-DEO.  After that case was filed, Mr.

Urban filed several Motions to Amend his Complaint along with
other pro se documents.  (For example, Mr. Urban filed a
"Motion to Dismiss Defendants' [sic] Judgement for Excess of
Jurisdiction" 12-CV-4075, Docket No. 17.  Judge Strand denied
that motion, stating "[the Motion] appears to consist of no
more than a random list of quotation fragments lifted from
court cases."  12-CV-4075, Docket No. 24.  Mr. Urban then
refiled the same Motion and Judge Strand denied it a second
time.)  Judge Strand eventually allowed Mr. Urban to file an
Amended Complaint.  12-CV-4075, Docket No. 25.  (During the
pendency of 12-CV-4075, Judge Strand prohibited Mr. Urban from
filing any more Amended Complaints.)[1]  On September 9, 2013,

---

[1]    Mr. Urban filed another case, 13-CV-4050-DEO, while
12-CV-4075 was pending.  In 13-CV-4050, Mr. Urban filed an
application to proceed in forma pauperis.  Judge Strand denied
the Motion to Proceed in forma pauperis and dismissed the
case, stating that the issues in the new case were identical
to the issues in case, 12-CV-4075.  See 13-CV-4050, Docket No.
2, p. 3-4, where Magistrate Strand stated: "[a] federal court
may deny an application to proceed in forma pauperis based on
the plaintiff's history of filing frivolous or repetitive
lawsuits.  See, e.g., In re McDonald, 489 U.S. 180, 184
(1989) (per curiam); Cochran v. Morris, 73 F.3d 1310, 1316
(4th Cir. 1996).  Here, I find that Urban has filed frivolous
and repetitive lawsuits in this court.  As such, his
application to file a new lawsuit without prepayment of fees
is denied.  Urban may not, free of charge, file new "trapping"
lawsuits in this court."

this Court entered an Order dismissing Mr. Urban's Amended Complaint, stating:

> Because the Court is persuaded that Mr. Urban's claims must be dismissed based on judicial immunity, prosecutorial immunity, and a lack of subject matter jurisdiction, the Court need not reach the other issues included in the Defendants' briefs, including claim/issue preclusion, qualified immunity, and 11th Amendment immunity. However, the Court is aware that each of those issues have been discussed by either this Court, Judge Strand or Judge Zoss during the course of Mr. Urban's four cases, and each issue has been resolved against Mr. Urban. Accordingly, the Court notes that any future "trapping" case Mr. Urban files will have high procedural bars to overcome before it is allowed to proceed. If Mr. Urban feels that this ruling is incorrect, and he wishes to further purse [sic] his "trapping" case, the proper procedural step is to file an appeal with the 8th Circuit Court of Appeals rather than filing another new section 1983 lawsuit before this Court.

12-CV-4075, Docket No. 37, p. 11-12 (footnote emitted).

Mr. Urban did not appeal that ruling to the 8th Circuit Court of Appeals. Instead, shortly after the Court dismissed 12-CV-4075, Mr. Urban filed the present case, 13-CV-4096-DEO, on October 17, 2013. Mr. Urban payed $350 of the required $400 filing fee. Docket No. 2, p. 3-4. As stated in the Magistrate's Report and Recommendation:

> Urban's new complaint looks familiar.
> Indeed, large parts of it have been
> copied-and-pasted from Urban's filings in
> other cases, especially his proposed (but
> rejected) amended complaint in case number
> 12-4075 (compare Doc. No. 32-1 in that
> case). Urban did take the time to rewrite
> parts of the document, but the operative,
> alleged facts are the same. Urban again
> seeks relief from virtually the same group
> of defendants based on the same
> trapping-related prosecution and conviction
> that formed the basis of his prior
> unsuccessful lawsuits.

Docket No. 2, p. 4.

After reviewing the pro se Complaint, Magistrate Strand
set a show cause hearing, stating:

> [t]his court does not have to tolerate, and
> will not tolerate, the repeated filing of
> frivolous, already-rejected claims. See,
> e.g., <u>Kucera v. Inbody</u>, 210 F.3d 379 (8th
> Cir. 2000) (table) (affirming $1000
> sanction against plaintiff after the fourth
> in a series of frivolous lawsuits).
> Federal Rule of Civil Procedure 11(b)
> provides that any party or attorney
> presenting a pleading or motion to the
> court is certifying that the claims and
> allegations contained in the document are
> not frivolous. See Fed. R. Civ. P.
> 11(b)... 11(c). In accordance with Rule
> 11(c), Urban is hereby put on notice that
> the court is strongly considering the
> imposition of serious sanctions against
> him. Those sanctions may include, among
> other things, a substantial monetary
> penalty and the dismissal of this new case.

As such: 1.  Urban shall attempt to show
cause as to why the complaint he has filed
to start this new case does not violate
Federal Rule of Civil Procedure 11(b).
Urban's attempt to show cause shall be in
writing and shall be filed in this case on
or before November 4, 2013.  Urban should
fully      explain     why     the     claims     and
allegations described in the new complaint
are not barred by the rulings and judgments
entered in case numbers 11-4068, 11-4107
and 12-4075.  2.  No summons shall issue
for this case and no defendants shall be
served with notice of this new case unless
and until the court orders otherwise.  3.
The Clerk shall deposit Urban's money order
into  the  Clerk's  account  and  shall  hold
those funds until further order.  4.  The
Clerk shall provide Urban with a copy of
this order by United States Mail.

Docket No. 2, p. 4-5, emphasis removed.

Mr. Urban filed a show cause response on October 29,

2013.  Docket No. 3.  On November 4, 2013, Magistrate Strand

entered a Report and Recommendation, Docket No. 4, stating:

Urban's written explanation makes it clear
that he is confused about basic issues of
federal civil law and practice...  Urban
does   not   appear   to   understand   that   he
really does "have no case."  Judgment has
been entered against him in three separate
cases  on  the  merits  of  claims  that  are
based on his state court conviction.  Basic
concepts of res judicata prevent Urban from
filing and prosecuting new cases based on
the  same  alleged  facts  and  claims...   No
amount  of  re-drafting  and  re-filing  will
allow Urban to pursue claims in this court

based on the facts and allegations raised in his prior cases.

I find that Urban's latest complaint should be summarily dismissed as a sanction pursuant to Federal Rule of Civil Procedure 11(c). I further find that Urban should forfeit the entire filing fee (which Urban has not yet paid in full) and that he should be very clearly and directly warned that he will be fined a significant amount (in my view, $1000 would be the starting point) if he attempts to file yet another case in this court that seeks relief based on his state court "trapping" conviction. I do, however, believe that the confusion shown by Urban's explanation is sincere. I find that Urban, as a non-lawyer, did not understand that he cannot keep filing new cases until he gets it right. As such, I recommend no additional sanctions against him at this time...

Docket No. 4, p. 2-4. Shortly after the Magistrate issued his Report and Recommendation, Mr. Urban paid the outstanding $50.00 portion of the filing fee.

## II.   STANDARD

Pursuant to statue, this Court's standard of review for a magistrate judge's Report and Recommendation is as follows:

A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

> A judge of the court may accept, reject, or
> modify, in whole or in part, the findings
> or recommendations made by the magistrate
> [judge].

28 U.S.C. § 636(b)(1).

Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made as follows:

> The district judge to whom the case is
> assigned shall make a de novo determination
> upon the record, or after additional
> evidence, of any portion of the magistrate
> judge's disposition to which specific
> written objection has been made in
> accordance with this rule. The district
> judge may accept, reject, or modify the
> recommendation decision, receive further
> evidence, or recommit the matter to the
> magistrate judge with instructions.

FED. R. CIV. P. 72(b).

Additionally, failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. <u>United States v. Wise</u>, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

## III. ANALYSIS

There is nothing new to be said about Mr. Urban's case that has not previously been said. Based on the principals of res judicata, Mr. Urban's 'trapping' claims are barred. If Mr. Urban is upset about this outcome, he should file an appeal with the 8th Circuit Court of Appeals. No amount of restyling or rewriting or refiling his Complaint will allow the 'trapping' claims to survive summary dismissal. This Court, Magistrate Strand and Magistrate Zoss have each tried to make that point clear to Mr. Urban.

The Court has reviewed the Report and Recommendation, Docket No. 4, along with the entire file, and finds Magistrate Strand's analysis and recommendations are appropriate and correct.[2] Magistrate Strand stated that Mr. Urban had paid $350 of the required $400 filing fee. Magistrate Strand recommended that Mr. Urban be required to pay the $50 deficiency. Mr. Urban has now done so. The Court hopes that the $400 remitted by Mr. Urban is a sufficient deterrent to keep him from filing another frivolous 'trapping' case.

---

[2] Although this Court will not set out the Magistrate's entire Report and Recommendation, it is incorporated in its entirety by reference.

## IV. CONCLUSION

For the reason's set out above, the Court adopts the Report and Recommendation, Docket No. 4, with the modification to the language relating to the filing fee (as the fee has now been paid by plaintiff). Mr. Urban's Complaint, Docket No. 1, shall be dismissed with prejudice. Mr. Urban is advised that filing any further 'trapping' cases may result in additional penalties under Federal Rule of Civil Procedure 11(b). Finally, because Mr. Urban has now paid the entire $400 filing fee, no further payment is required, and the Clerk shall apply the paid amount to the filing fee.

**IT IS SO ORDERED** this 18th day of March, 2014.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa